USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _8/30/2016_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

AMERICAN ZURICH INSURANCE       :
COMPANY,                         :
                                 :
                    Plaintiff,   :
                                 :
        -against-                :          14 Civ. 9146 (LGS)
                                 :
CALIFORNIA FAUCETS, INC.,        :          **OPINION AND ORDER**
                    Defendant.   :
---------------------------------------------------------X
                                 :
CALIFORNIA FAUCETS, INC.,        :
                                 :
            Third-Party Plaintiff, :
                                 :
        -against-                :
                                 :
BEST PLUMBING SUPPLY INC.,       :
                                 :
            Third-Party Defendant. :
---------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Third-Party Defendant Best Plumbing Supply Inc. ("Best Plumbing") moves for

summary judgment on Third-Party Plaintiff California Faucets, Inc.'s ("California Faucets")

claim for contribution.  For the following reasons, Best Plumbing's motion is granted.

I.      **BACKGROUND**

        The following facts are taken from the parties' submissions, and are undisputed unless

otherwise indicated.

        Plaintiff American Zurich Insurance Company ("American Zurich") insured Sarosca

Farm Estates, LLC ("Sarosca") for losses on new homes that Sarosca built.  On October 20,

2013, a real estate agent showed a home in Purchase, New York, and discovered water damage

throughout the property.

American Zurich, as subrogee to Sarosca, commenced this lawsuit against California Faucets on November 17, 2014, based on the allegation that a water valve Sarosca had ordered from California Faucets failed and allowed water to escape.  American Zurich's complaint asserted claims for strict liability, negligence and breach of warranty.  On April 24, 2015, California Faucets filed a third-party complaint against Best Plumbing, asserting a "claim for contribution" and seeking "contribution, according to its degree of fault, for damages incurred by California Faucets as a result of a settlement or judgment" and "[f]or a declaration of the amount for which Third-Party Defendant Best Plumbing is obligated to contribute to any judgment against California Faucets."  In its opposition brief to this motion, California Faucets asserts that Best Plumbing was the company that sold the California Faucets valve to Sarcosa, and that Best Plumbing "negligently misrepresent[ed] the valve at issue in this action."  On June 11, 2015, Best Plumbing answered the third-party complaint and filed counterclaims against California Faucets for contribution and indemnity in the event Best Plumbing was found liable.

On July 13, 2015, the parties participated in a settlement conference before the magistrate judge, at which American Zurich and California Faucets reached an agreement in principal to settle.  On July 21, 2015, American Zurich signed a release, which "releases, acquits and forever discharges California Faucets, Inc. and its agents, servants, employees, and insurers" of all losses related to the water discharge at issue.  Three months later, on October 16, 2015, American Zurich submitted a partial stipulation of voluntary dismissal, dismissing its claims against California Faucets.  The stipulation stated that "[t]he third party claims by California Faucets, Inc. against Best Plumbing Supply, Inc. shall remain."  The stipulation was signed by American Zurich, California Faucets and Best Plumbing.

2

Shortly after the settlement of American Zurich's claims, California Faucets and Best Plumbing attended a July 22, 2015, court conference, which in effect was a Rule 16 initial conference to discuss the management of the claims between them. A scheduling order was issued and extended twice at the parties' request. Discovery on the third-party claims concluded in January 2016. On March 10, 2016, Best Plumbing filed the instant motion for summary judgment on California Faucets' contribution claim.

## II.   **STANDARD**

Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *See id.* at 255.

## III.   **DISCUSSION**

In light of its settlement with American Zurich, California Faucets' third-party claim for contribution against Best Plumbing is barred by New York General Obligations Law § 15-108. General Obligations Law § 15-108(c) provides that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." This provision "affords a *quid pro quo*: 'The settling tortfeasor is relieved from liability to any other person for contribution but, in exchange, is not entitled to obtain contribution from any other tortfeasor.'" *Orsini v. Kugel*, 9 F.3d 1042, 1046 (2d Cir. 1993) (quoting *Gonzales v. Armac Indus., Ltd.*, 611 N.E.2d 261, 263 (N.Y. 1993)). The intent of § 15-108 is in part "to encourage the voluntary

payment of claims by allowing the [settling defendant] to fix the amount owed, thereby gaining certainty and finality at the risk of overpayment." *Id.* at 1048.

"[S]ubdivision (c) of section 15-108 of the General Obligations Law, which prohibits a settling tort-feasor from obtaining contribution from another person, can be waived by agreement of all parties to the litigation." *Mitchell v. N.Y. Hosp.*, 461 N.E.2d 285, 286 (N.Y. 1984). Although parties *may* waive § 15-108(c)'s protections, waiver of § 15-108's protections must be "freely, knowingly and openly agreed to." *Id.* at 289. A valid waiver of the protection of § 15-108(c) requires "all of the named parties, including potential third-party defendants, [to] voluntarily and explicitly stipulate to a preservation of the right to seek contribution." *DMJ Assocs., L.L.C. v. Capasso*, No. 97 Civ. 7285, 2008 WL 4515799, at *5 (E.D.N.Y. Oct. 2, 2008); *see generally City of New York v. State of New York*, 357 N.E.2d 988, 995 (N.Y. 1976) ("'A waiver is the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it.'"). The party invoking waiver has the burden of establishing it. *See Rosenthal v. City of New York*, 725 N.Y.S.2d 20, 24 (1st Dep't 2001) (noting that "the intentional relinquishment of a known right is not lightly presumed" and holding that "defendants have the burden of establishing that plaintiffs effectively waived their claims"); *see generally Diversified Grp., Inc. v. Marcum & Kliegman LLP*, 12 N.Y.S.3d 39, 40–41 (1st Dep't 2015) (holding that "Defendants did not waive General Obligations Law § 15-108(c) because it was not included as an affirmative defense in their respective answers" and that "Plaintiffs failed to establish surprise and prejudice in this purely legal inquiry").

In *Mitchell*, the parties stipulated on the record that "[a]n application will be made to the Court to settle the third-party action *so that New York Hospital may try its case for either indemnification or apportionment as against each of the named third-party defendants*," and that

4

"[i]t is specifically agreed and understood by all of the Third-party Defendants here that no one waives any rights to contributions [sic] or indemnification by entering into this settlement." *Mitchell*, 461 N.E.2d at 287 (internal quotation marks omitted).  Other courts have similarly permitted contribution claims to proceed only when the parties explicitly agreed to permit contribution claims.  *Compare City of New York v. Black & Veatch*, No. 95 Civ. 1299, 1997 WL 624985, at *8 & n.6 (S.D.N.Y. Oct. 6, 1997) (parties contracted out of protections of § 15-108 where the parties' agreement referenced claims for "indemnification, contribution, and/or an apportionment of liability" and therefore "clearly expresse[d] the parties' intent to allow the City to bring a claim of contribution/indemnification . . . in the event that the City entered into a settlement"), *and Scotts Co, v. Pac. Emp'rs Ins. Co.*, 875 N.Y.S.2d 891, 892 (1st Dep't 2009) (holding that "settlement agreement's express contemplation of contribution claims by the co-insurers was a waiver of § 15-108's protections"), *with Rotter v. Leahy*, 93 F. Supp. 2d 487, 495 (SDNY 2000) (holding that there was no waiver of § 15-108 where the language of release was not "the free, knowing and open waiver required by the law.").

In the present case, American Zurich signed a "release of claims arising from [the] October 20, 2013 water discharge."  The release discharges California Faucets and its agents from liability, but does not mention Best Plumbing or identify any other entity as a released party.  Because California Faucets "obtained [its] own release from liability" for the underlying accident, it may not seek "contribution from any other person," and the third-party complaint must be dismissed.  N.Y. Gen. Oblig. Law § 15-108(c).

California Faucets seeks to avoid this result arguing that § 15-108(c) does not apply in this case.  California Faucets argues that its claim for contribution is not barred because § 15-108(c) by its terms applies only to a tortfeasor who "obtained his own release" from liability, and

does not bar a contribution claim by a settling defendant who secures a release on behalf of all remaining defendants.  According to California Faucets, American Zurich's release included claims it may have brought against Best Plumbing.  This argument is both legally and factually baseless.  California Faucets does not cite any authority for its novel interpretation of § 15-108(c), which unambiguously bars a settling defendant from seeking contribution.

Factually, the July 21, 2015, release contradicts California Faucets' assertion that American Zurich released claims against any other entity.  The document provides that the "release specifically includes all claims that were made or could have been made related to the incident in the lawsuit."  While California Faucets argues that this language was meant to include all potential tortfeasors -- including Best Plumbing -- American Zurich asserted claims only against California Faucets, and the release identifies only "California Faucets, Inc. and its agents, servants, employees, and insurers" as released parties.  "The law of New York states that where the language with respect to the parties' intent is clear and unambiguous, it will be given effect, regardless of one party's claim that he intended something else."  *Kay-R Elec. Corp. v. Stone & Webster Const. Co.*, 23 F.3d 55, 58 (2d Cir. 1994) (internal quotation marks and alterations omitted).  California Faucets' interpretation finds no support in American Zurich's release, which provides a general release of claims against "California Faucets, Inc. and its agents, servants, employees, and insurers" only.

California Faucets nonetheless asserts that "the stated intent of the parties" was for American Zurich to "completely release" its claims against all parties, including Best Plumbing, and points to the partial stipulation of voluntary dismissal submitted by American Zurich, California Faucets and Best Plumbing on October 16, 2015, which the Court signed on the same day.  However, nothing in the stipulation supports California Faucets' assertions that American

6

Zurich's release extended to claims over Best Plumbing, and that § 15-108's bar on contribution therefore does not apply. The mere fact that Best Plumbing signed the stipulation does not suggest that it took any position on the scope of American Zurich's release.  Because it was a party that had appeared in the case (albeit as a third-party defendant), under Rule 41 Best Plumbing's signature was required whether or not American Zurich and California Faucets believed that their agreement implicated the claims against Best Plumbing.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing for dismissal "without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared").

The language of the stipulation of dismissal itself also does not support California Faucets' position.  As explained in Best Plumbing's reply brief, the sentence stating that "[t]he third party claims by California Faucets, Inc. against Best Plumbing Supply, Inc. shall remain" merely describes that only the claims in the main action between American Zurich and California Faucets were dismissed, and informs the Court that the parties had *not* agreed to dismiss the claims in the third-party action.  California Faucets' assertion that § 15-108(c) is inapplicable is therefore rejected.

California Faucets argues next that even if § 15-108(c) applies, Best Plumbing "waived" that statute's protections by "signing the stipulated dismissal and agreeing to have the action continue against it."  The assertion that Best Plumbing explicitly waived § 15-108's protection is similarly unsupported by the record.

In full, the October 16, 2015, stipulation reads:

> It is hereby stipulated and agreed by and between plaintiff American Zurich Insurance Company as subrogee of Sarosca Farm Estates, LLC and defendant California Faucets, Inc., through their respective counsel, that plaintiff's claims are voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  The third party claims by California Faucets, Inc. against Best Plumbing shall remain.

The final sentence of the stipulated dismissal merely describes which claims were settled and which claims were not, and is not an explicit agreement to preserve California Faucet's right to seek contribution as in the cases that found a waiver of § 15-108(c) cited above.  Nothing in the record here evidences Best Plumbing's agreement to waive § 15-108's protections.  *See Martin v. Biasucci*, No. 87 Civ. 5549, 1992 WL 8157, at *2 (S.D.N.Y. Jan. 13, 1992) ("Although rights under this statute may be waived upon 'free[ ], knowing[ ], and open[ ]' consent of all parties, if the one whom the statute protects does not approve of the waiver then he does not waive his rights under the act.").  Other than American Zurich's release and the notice of partial dismissal, California Faucets has not submitted anything -- such as emails with Best Plumbing or affidavits describing oral conversations between counsel -- reflecting Best Plumbing's waiver of § 15-108's protection.  Absent more, California Faucets has not sustained its burden of showing that Best Plumbing waived the protection of § 15-108(c).  *See Benjamin Dev. Co. v. Marlin Enters., Inc.*, 672 N.Y.S.2d 103, 104 (1st Dep't 1998) ("Unfortunately for plaintiffs and contrary to the foregoing allegations, there is no mention in the stipulation of settlement of any 'common obligation' or any right to contribution."); *id.* (holding that plaintiffs "as settling tortfeasors" were not entitled to contribution pursuant to § 15-108).

Best Plumbing also did not implicitly waive § 15-108's protections by continuing to litigate the third-party action after American Zurich's release.  In a case very similar to this one, the Appellate Division dismissed the contribution claim of a third-party plaintiff against a third-party defendant based on § 15–108(c) where the third-party defendant did not expressly agree to preserve a contribution claim against it but defended against the claim at trial.  *Lettiere v. Martin Elevator Co*., 406 N.Y.S.2d 510 (2d Dep't 1978), *aff'd* 397 N.E.2d 390 (1979).

As the *Lettiere* trial was beginning, defendant's counsel consented to the entry of judgment against his client in an agreed upon amount, "with the understanding of course that this lawsuit will continue on the issues of which have been raised regarding the right of my client to obtain an apportionment from the third party defendant." *Id.* at 511.  The third-party defendant was not a party to the stipulation, but was present when defendant's counsel made the statement and defended against the contribution claim at trial.  After the jury awarded damages against the third-party defendant, the appellate court reversed the judgment of the trial court and dismissed the contribution claim against the third-party defendant.  *Id.* at 513.  Because the parties had entered into a "prejudgment settlement," the *Lettiere* court held that "upon entering into the concession and stipulation of liability, [the defendant's] cross claim should have been dismissed."  *Id.*; *see also* N.Y. Gen. Oblig. Law § 15-108(d)(3) ("A release or a covenant not to sue between a plaintiff or claimant and a person who is liable or claimed to be liable in tort shall be deemed a release or covenant . . . only if . . . such a release or covenant is provided prior to entry of judgment").

As in *Lettiere*, Best Plumbing is entitled to § 15-108(c)'s protection despite the fact that it did not invoke the provision's preclusive effect earlier, and its delay in seeking dismissal of the third-party action does not constitute a de facto waiver.

Section 15-108(c) therefore bars California Faucets' third-party claim for contribution against Best Plumbing.

IV.  **CONCLUSION**

For the foregoing reasons, Best Plumbing's motion for summary judgment is GRANTED, and California Faucet's third-party complaint is dismissed.  Because there are no

longer any claims against Best Plumbing, the third-party counterclaims for contribution and

indemnity are dismissed as moot.

The Clerk of Court is directed to close the motion at Docket No. 81 and close the case.

Dated:  August 30, 2016
         New York, New York


                              LORNA G. SCHOFIELD
                         UNITED STATES DISTRICT JUDGE